■ VIRGIL L. BROWN et al., Respondents, v CITY OF NEW YORK, Appellant. [713 NYS2d 223] —In an action to recover damages for personal injuries, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (G. Aronin, J.), entered May 5, 1999, which, upon a jury verdict (1) awarding the plaintiff Virgil L. Brown $15,711,665 for past damages (including $15,000,000 for past pain and suffering) and $34,188,553 for future damages (including $20,000,000 for future pain and suffering), and (2) awarding the plaintiff John Brown $20,607,815 for past damages (including $20,000,000 for past pain and suffering) and $34,286,998 for future damages (including $20,000,000 for future pain and suffering), and upon the granting of that branch of its motion pursuant to CPLR 4404 which was to set aside the verdict as to damages

for past and future pain and suffering as to both plaintiffs and ordering a new trial with respect thereto, unless the plaintiff Virgil L. Brown stipulated to reduce the verdict as to damages for past pain and suffering from the sum of $15,000,000 to the sum of $3,000,000, and as to damages for future pain and suffering from the sum of $20,000,000 to the sum of $7,000,000, and unless the plaintiff John Brown stipulated to reduce the verdict as to damages for past pain and suffering from the sum of $20,000,000 to the sum of $3,000,000 and as to damages for future pain and suffering from the sum of $20,000,000 to the sum of $7,000,000, and upon the stipulations of the plaintiffs agreeing to the reductions, and upon the denial of the remaining branches of its motion pursuant to CPLR 4404, is in favor of the plaintiffs and against it.

Ordered that the order and judgment as to the plaintiff Virgil L. Brown is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of liability as to that plaintiff, and after a new trial on the issue of liability, if liability is found, a new trial is granted on the issue of damages for past and future pain and suffering unless the plaintiff Virgil L. Brown serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $3,000,000 to the sum of $1,000,000 and for future pain and suffering from the sum of $7,000,000 to the sum of $3,000,000, and to the entry of an appropriate amended judgment in his favor, and the action is severed insofar as asserted by the plaintiff Virgil L. Brown. The jury's findings of fact as to damages with respect to the plaintiff Virgil L. Brown are otherwise affirmed; and it is further,

Ordered that the order and judgment as to the plaintiff John Brown is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding John Brown damages for past and future pain and suffering and directing a new trial with respect thereto as to damages only; as so modified, the order and judgment as to the plaintiff John Brown is affirmed, without costs or disbursements, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff John Brown serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $3,000,000 to the sum of $1,000,000 and for future pain and suffering from the sum of $7,000,000 to the sum of $3,000,000

and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff John Brown so stipulates, then the order and judgment in his favor, as so reduced and amended, is affirmed, as to him, without costs or disbursements.

The plaintiff Virgil Brown dove off the Steeplechase Pier at Coney Island, struck his head on the ocean floor, and suffered injuries which rendered him a quadriplegic. Before diving, Virgil allegedly noticed that the water was "dark, dark green and it looked pretty deep". The plaintiff John Brown, who was with his brother Virgil at the time, allegedly saw that Virgil was not swimming and dove in to save him. John also struck his head on the ocean floor and suffered injuries which rendered him a pentaplegic. Evidence was presented at trial indicating that the water was too shallow for diving, and that the defendant was negligent in not installing signs to warn of this danger.

As this Court previously indicated in affirming an order which denied the defendant's motion for summary judgment dismissing the complaint, "[t]he City did not establish that the plaintiffs actually knew the depth of the water into which they dove, nor did it produce evidence sufficient to justify a conclusion that, as a matter of law, a reasonable person in the plaintiffs' position should have known the depth of the water at that location" (*Brown v City of New York,* 246 AD2d 568). At trial, the City similarly failed to establish that the plaintiffs knew or, as a matter of law, should have known, the depth of the water. Therefore, that branch of the City's motion pursuant to CPLR 4404 which was to set aside the verdict and for judgment as a matter of law dismissing the complaint was properly denied (*see, Ziecker v Town of Orchard Park,* 75 NY2d 761).

Under the facts of this case, however, the jury's determination that Virgil Brown was negligent but that his negligence was not a proximate cause of his injuries was against the weight of the evidence. Therefore, a new trial on the issue of liability as to the plaintiff Virgil Brown is required. ‹

The damages are excessive to the extent indicated. The City's remaining contentions are without merit. O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.