the order denying his cross motion for summary judgment on liability against Militello individually, and that the court did not err in denying the motion of Militello for summary judgment dismissing the Labor Law § 240 (1) cause of action against him individually on the basis of the homeowner's exemption.

The court also properly granted plaintiff summary judgment on liability under Labor Law § 240 (1) against Reed. Under the statute, the relevant inquiry with respect to Reed is whether his contractual responsibility included the safe execution of the work that led to plaintiff's injury (*see, Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855; *Gielow v Rosa Coplon Home,* 251 AD2d 970, 972, *lv dismissed in part and denied in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889), i.e., whether Reed was contractually authorized to exercise direction or control over plaintiff or the injury-producing work, irrespective of whether he actually did so (*see, Griffin v MWF Dev. Corp.,* 273 AD2d 907, 909, citing *Kelly v LeMoyne Coll.,* 199 AD2d 942, 943).

In light of our determination, we find it unnecessary to address the remaining causes of action of the complaint. (Appeals from Order of Supreme Court, Erie County, O'Donnell, J.— Summary Judgment.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.

■ JAMES DUDEK, Appellant, v MOLLY K. CALL et al., Respondents. (Appeal No. 1.) [714 NYS2d 251] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Set Aside Verdict.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.

■ JAMES DUDEK, Appellant, v MOLLY K. CALL et al., Respondents. (Appeal No. 2.) [714 NYS2d 250] —Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when his vehicle was struck by a vehicle owned by defendant Paul D. Hirsch and operated by defendant Molly K. Call. Supreme Court properly denied plaintiff's motion to set aside the jury verdict on damages as against the weight of the evidence. The testimony of the experts at trial was conflicting, presenting an issue of credibility for the jury, and there is no basis in this record to disturb the jury's resolution of that issue (*see, McLean v Dessert,* 267 AD2d 962). Although the court erred in precluding the testimony of plaintiff's treating psychiatrist on the issue of plaintiff's inability to work