■ NATHALIE F. ZECHER, Respondent, v STEPHEN W. BACKUS, JR., Appellant. [730 NYS2d 898] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident. Following a trial, the jury found that plaintiff had sustained a serious injury and that defendant was negligent, but found that defendant's negligence was not "a substantial factor in causing the plaintiff's injury." Plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict as inherently inconsistent and against the weight of the evidence. Supreme Court granted the motion and directed a new trial on damages only. We conclude that the verdict was against the weight of the evidence with respect to the issue of proximate cause and thus was properly set aside to that extent. The testimony of plaintiff's treating physicians established that the accident was at least a substantial factor in causing plaintiff's injury. The preponderance of the evidence on the issue of proximate cause was so great that the verdict finding that defendant was negligent but that his negligence did not proximately cause plaintiff's injuries could not have been

reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Dannick v County of Onondaga,* 191 AD2d 963, 964). The court erred, however, in ordering a new trial with respect to damages only. "A determination setting aside a jury verdict as against the weight of the evidence 'results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury' " (*Rogers v DiChristina,* 195 AD2d 1061, 1062, quoting *Nicastro v Park,* 113 AD2d 129, 133; *see, Browne v Pikula,* 256 AD2d 1139; *see also, Cohen v Hallmark Cards,* 45 NY2d 493, 498). We modify the order, therefore, by providing that a new trial is also granted on proximate cause. (Appeal from Amended Order of Supreme Court, Jefferson County, Gilbert, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.