■ JUAN A. SOTO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [743 NYS2d 558] —In an action to

recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Weinstein, J.), entered October 19, 2000, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff sustained damages of $1,074,411 for past damages (including $1,000,000 for past pain and suffering), and $4,260,000 for future damages (including $2,500,000 for future pain and suffering and $1,050,000 for loss of future earning capacity), is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted on the issues of liability and damages, with costs to abide the event.

In the early morning hours of January 25, 1997, the plaintiff and his friends were returning home by subway from a night out during which they had been drinking alcoholic beverages over a five-hour period. They decided to leave the platform and walk adjacent to the tracks from one station to the next. Cognizant of an approaching train, in an attempt to catch the train at the next station, the plaintiff started to run. The train struck his ankle and he was drawn under the wheels, sustaining serious personal injuries.

After a trial on the issue of liability, the jury found that the plaintiff was negligent, but that his negligence was not a proximate cause of the accident. The finding that the plaintiff's negligence was not a proximate cause of the accident was against the weight of the evidence (see *Nicastro v Park,* 113 AD2d 129, 134; see also *Brown v City of New York,* 275 AD2d 726; *Passariello v Lally,* 268 AD2d 464; *Bahadur v G.C. Constr. Corp.,* 265 AD2d 514; *Lucas v New York City Tr. Auth.,* 163 AD2d 21; *McDaniel v Clarkstown Cent. School Dist.,* 111 AD2d 151, 152).

Since there must be a new trial, we further note that the testimony of the plaintiff's expert that the driver of the subway train should have observed the plaintiff in sufficient time to stop and avoid him is founded on pure speculation. In reaching his conclusion, the expert estimated the plaintiff's running speed based upon an estimate of the average running speeds for 18-year-old males included in a textbook which was not admitted in evidence. There is no evidence that the estimates were of 18-year-old males running along a subway track under conditions similar to the conditions experienced by the plaintiff at the time of the accident or in an inebriated condition.

An expert's opinion must be based upon facts in the record

or personal knowledge or observations (*see Santiago v New York City Tr. Auth.,* 271 AD2d 675). The opinion of the plaintiff's expert as to the plaintiff's speed constituted inadmissible speculation (*see Russo v Sabella Bus Co.,* 275 AD2d 660, 661).

In view of the foregoing, the defendants are granted a new trial (*see DiCamillo v City of New York,* 245 AD2d 332).

The defendants' remaining contentions are not properly raised on appeal (*see Squiciari v Brenner,* 276 AD2d 689), or need not be addressed in light of our determination. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.