■ CHERYL JOHNSON, Respondent-Appellant, v HELEN E. SCHRADER et al., Respondents, and BRIAN M. MATER et al., Appellants-Respondents, et al., Defendant. (Appeal No. 1.) [749 NYS2d 191] —Appeal and cross appeal from an order of Supreme Court, Erie County (Joslin, J.), entered August 14, 2001, which, inter alia, granted plaintiff's motion to set aside that portion of the jury verdict that reduced the verdict by $22,000 as a result of plaintiff's failure to wear an available seatbelt.

■ CHERYL JOHNSON, Respondent-Appellant, v HELEN E. SCHRADER et al., Respondents, and BRIAN M. MATER et al., Appellants-Respondents, et al., Defendant. (Appeal No. 2.) [750 NYS2d 244] —Appeal and cross appeal from a judgment of Supreme Court, Erie County (Joslin, J.), entered August 14, 2001, upon a jury verdict in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and the order in appeal No. 1 is modified by granting the cross motion of defendants Brian M. Mater and Tallman Transports, Ltd. and setting aside the verdict with respect to liability and as modified the judgment is affirmed without costs and a new trial is granted on liability only.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident while a passenger in a pickup truck driven by defendant Albert C. Opie. The pickup truck was traveling westbound on a two-lane highway and emerged from whiteout conditions, rear-ending a tractor trailer owned by defendant Tallman Transports, Ltd. (Tallman) and operated by defendant Brian M. Mater. Mater had stopped the tractor trailer in the westbound lane after being flagged down by motorists who had been involved in an accident in the eastbound lane. The jury returned a verdict finding Mater liable for plaintiff's injuries and awarding plaintiff $110,000 for past pain and suffering

and $250,000 for future pain and suffering. The jury found that Opie was negligent but that his negligence was not a substantial factor in causing plaintiff's injuries. Supreme Court thereafter denied a motion by plaintiff to set aside the verdict with respect to damages and a cross motion by Mater and Tallman to set aside the verdict with respect to liability, and judgment was entered for plaintiff.

With respect to the appeal of Mater and Tallman, we conclude that the jury's verdict with respect to Opie is contrary to the weight of the evidence. "A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the [plaintiff's injuries] is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Schaefer v Guddemi,* 182 AD2d 808, 809, quoting *Rubin v Pecoraro,* 141 AD2d 525, 527; *see Calderon v Irani,* 296 AD2d 778). Here, Opie testified that he was driving between 20 and 30 miles per hour despite the fact that visibility was limited to approximately six feet. In view of that testimony and the other evidence concerning the manner in which the accident occurred, we conclude that the finding that Opie's negligence was not a substantial factor in causing plaintiff's injuries could not have been reached upon any fair interpretation of the evidence and is against the weight of the evidence (*see Soto v New York City Tr. Auth.,* 295 AD2d 419; *Sullivan v Pampillonio,* 288 AD2d 299; *Zecher v Backus,* 286 AD2d 884; *Brown v City of New York,* 275 AD2d 726, 728, *lv denied* 96 NY2d 709). We therefore modify the judgment and the order in appeal No. 1 by granting the cross motion of defendants Mater and Tallman and setting aside the verdict with respect to liability, and we grant a new trial on liability only.

With respect to the cross appeal of plaintiff, we conclude that the jury's award of damages to plaintiff for past and future pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Smith v Monro Muffler Brake,* 275 AD2d 1028, 1029, *lv denied* 96 NY2d 710; *Mihileas v State of New York,* 266 AD2d 866). We therefore conclude that the court did not err in denying plaintiff's cross motion to set aside the verdict with respect to damages (*see Dudek v Call* [appeal No. 2], 275 AD2d 992).

In light of our determination, it is unnecessary to reach the remaining contentions of the parties. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.