■ DAVID DECAYETTE, Appellant, v STATE OF NEW YORK, Respondent. [817 NYS2d 317]—

In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Scuccimarra, J.), dated April 25, 2005, made after a trial on the issue of liability, and (2) a judgment of the same court entered May 20, 2005, which, upon the decision, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the facts, with costs, the claim is reinstated, and the matter is remitted to the Court of Claims for a new trial, with costs to abide the event.

The claimant, an inmate in the custody of the Department of Correction (hereinafter DOC), alleges he was injured in a motor vehicle accident that occurred on May 7, 2002 while he was being transported in a DOC bus. The bus was being operated by a correction officer employed by the defendant, State of New York, when it collided with a parked car while being backed out of a parking area at the Ossining Correctional Facility. The Court of Claims held, after a trial on the issue of liability, that the claimant failed to establish that the State breached any duty of care owed to him. We disagree.

The conclusion reached by the Court of Claims cannot be supported by the evidence. The record demonstrates that the driver of the DOC bus was negligent in backing his vehicle into a parked car without taking adequate precautions. However, a new trial is required because under the circumstances there is an issue as to whether the driver's negligence was a proximate cause of the appellant's injuries (*cf. Soto v New York City Tr. Auth.*, 295 AD2d 419 [2002]). Schmidt, J.P., Krausman, Spolzino

and Fisher, JJ., concur. [*See* 7 Misc 3d 1030(A), 2005 NY Slip Op 50820(U) (2005).]