BLANCHE BERNARD, Respondent, *v.* SEYOPP CORP. et al., Appellants.

First Department, July 5, 1960.

*Dominick R. Santomenna* of counsel (*Merchant, Olena, Buck & Santomenna*, attorneys), for appellants.

*Arthur D. Spatt* of counsel (*Milton II. Reuben* with him on the brief), for respondent.

MEMORANDUM BY THE COURT. Judgment affirmed, with costs to the respondent. The events leading to the final rendition of the verdict do not require that we set it aside. The object of a poll is to ascertain the real intention of the jury. The poll here taken indicated some confusion. Until a jury is finally discharged the court may instruct it as to the manner in which it could correct a verdict if improperly announced (*Warner* v. *New York Cent. R. R. Co.*, 52 N. Y. 437; *Rogan* v. *Mullins*, 22 App. Div. 117). A jury has the right to alter its original statement so as to conform to its real intention. That is all that was done in this case. It is quite evident from the colloquy that followed the foreman's announcement that there was a misunderstanding on the part of Juror No. 12 when he stated that the foreman's announcement did not represent his verdict. It appears that he was in favor of a recovery by the plaintiff, but that he was not in accord with the amount of the verdict. When asked, he readily stated that he was agreeable to the amount as announced by the foreman. It is not clear but that he had come to that conclusion before he came to the courtroom. It would seem from the statement of the foreman that the requisite number of jurors had agreed to the amount prior to the original rendition of the verdict. Moreover, there is no indication that Juror No. 12 was either coerced or required to make up his mind in open court. He merely stated his real intention with respect to the amount reported. Nor do we find any impropriety in the court's action in directing the jury to return to the jury room to bring back a verdict in accordance with the law. In any event, there was no objection to such procedure by the attorney for the defendant. Nor did he take exception to such action by the court. There is no doubt but had the jury reversed itself and found for the defendant, or have come back with a statement that they could not agree upon a verdict, that the attorney for the defendant would have readily acquiesced in that determination. He should not be in a position, without making a proper objection or exception to the action of the court, to be free to accept or reject the ultimate finding of the jury, depending upon whether it was or was not in his favor. He should have protected his position by proper objection and exception when the court ordered the jury back to the jury room. As indicated, that he failed to do. We con-

strue such failure as an acquiescence in the Judge's action. The defendant should be bound by it.

McNally, J. (dissenting). I dissent and vote for reversal and a new trial.

In this personal injury action, the jury after deliberating for over five hours announced they had arrived at a nonunanimous verdict in favor of plaintiff in the sum of $40,000. Upon polling the jury, it appeared that nine of the jurors stated that was their verdict and three jurors stated that it was not. At this point the following occurred:

"The Court: I charged you that the only verdict you can render is a ten to two verdict. Had you reached a ten to two verdict upstairs?

"The Foreman: We had, yes, sir.

"The Court: Is that your verdict, sir?

"Mr. Burlingame: [juror] I think there is a misunderstanding, your Honor. It was a unanimous verdict. When I said, 'No,' I voted for the Plaintiff, but I did not agree as to the amount.

"The Court: You have no agreement as to amount in your decision. Now I am going to send you back for further deliberation so that you will render a verdict.

"Under the laws of the State of New York it must be ten to two both as to negligence and as to amount.

"I am going to send you back to the jury room to redeliberate on the issue.

"Mr. Spatt: [Plaintiff's counsel] Maybe, your Honor, the juror was mistaken, as far as the verdict, and he wasn't originally of that amount, and is now.

"The Court: Are you of that amount now, sir?

"Mr. Burlingame: Yes, sir; I will go with that amount.

"The Court: A verdict of ten to two on the amount and negligence?

"Mr. Burlingame: Yes, sir.

"The Court: Repoll the jury."

After the jury was again polled the Clerk announced that the jury by a vote of 10 to 2 found in favor of the plaintiff for $40,000.

Thereupon, defendants' counsel moved to set aside the verdict on the ground that it was not arrived at as prescribed by law in that the juror who had voted "No" on the first polling of the jury was requested to make up his mind in public. After this objection was made the court directed the jury to go back to the jury room and render a verdict in accordance with the

law. Six minutes later the jury returned with a 10 to 2 verdict in favor of the plaintiff for $40,000.

Defendants' motion to set aside the verdict was again renewed on all the grounds previously stated, and, in addition, a further motion was made for a mistrial on the same grounds. These motions were denied. These objections were timely and sufficient to preserve the rights of the defendant.

In my opinion the verdict was improper and illegal in that a juror who had not previously concurred in a verdict for the amount reported by the foreman was required in open court to accede to an improper and invalid verdict after a suggestion had been made by plaintiff's counsel. The effect of that suggestion, though it may have been inadvertent, was to add a thirteenth person to the jury.

The jury apparently was having a difficult time. They had deliberated from 1:00 P.M. to 7:00 P.M. and had requested certain sections of the law concerning vehicular and pedestrian movements and rights read to them.

It seems clear that when the jury first returned to the courtroom to announce its verdict it had not agreed upon a verdict. In any event, it was the right of any juror to change his mind at any time before the verdict was recorded. (*Labar* v. *Koplin*, 4 N. Y. 547, 550.) What transpired in the courtroom was tantamount to a direction to the dissenting juror to agree with the less than statutory majority. (*Acunto* v. *Equitable Life Assur. Soc.*, 270 App. Div. 386.)

Defendants were entitled to have the jury polled. They were entitled to a simple answer of " Yes " or " No " as to whether the verdict was that of each juror. To require more than that is to depart from accepted practice. (*Labar* v. *Koplin, supra,* p. 551.)

A verdict must be free from outside influence of any kind, nature or description. A jury's deliberations should be secret. Here the juror was forced to make a decision not in the sanctity of the jury room but in open court. His public statement irrevocably committed him and made futile further deliberation in the jury room. The proper procedure was to appropriately charge the jury and direct them to retire for further consideration of the case.

RABIN, J. P., VALENTE and BERGAN, JJ., concur in Memorandum; McNALLY, J., dissents and votes to reverse and grant a new trial in opinion.

Judgment affirmed, with costs to respondent.