■ Doris Storch, Appellant, v LaGuardia Medical Group,

P. C., et al., Respondents. [619 NYS2d 314] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered May 10, 1991, which upon granting the defendants' motion for dismissal of the cause of action for lack of informed consent at the close of the plaintiff's case, and upon a jury verdict on the issue of liability, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, without costs or disbursements.

At issue in this medical malpractice action is the modality of treatment employed by the defendants, LaGuardia Medical Group, P. C., and Dr. James Kadoori, to control the then 52 year-old plaintiff's systemic lupus erythematosus (hereinafter SLE or lupus). The plaintiff's primary contention is that the defendants negligently maintained the plaintiff on prednisone therapy for a period in excess of that considered to be medically necessary or proper in light of the potential for exacerbation of the plaintiff's osteoporosis, a widely known side effect of the drug. While the plaintiff's lupus-related problems and complaints ultimately subsided, her osteoporotic condition worsened, resulting in, *inter alia,* compression fractures of several of her vertebrae, and her permanent disability.

On appeal, the plaintiff asserts, *inter alia,* that several of the trial court's evidentiary rulings and the court's charge so prejudiced her as to require a new trial. We disagree, and, accordingly, affirm.

The plaintiff contends that the jury's verdict is against the weight of the credible evidence. It is well settled that a jury verdict in favor of a defendant may not be set aside as being against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence *(Nicastro v Park,* 113 AD2d 129). Dr. Kadoori testified that upon his initial diagnosis of SLE, the plaintiff was in a life or death situation, and that the only option he had to alleviate the lupus-induced myocarditis and pneumonitis was to prescribe prednisone. Even more critical to the issue of liability, Dr. Kadoori testified that he continued the plaintiff on an extended course of prednisone because of the indications, both objective and subjective, that the lupus remained in an active state for months after the initial diagnosis, and because prednisone is the type of drug which requires a very gradual reduction in dosage. Dr. Kadoori's testimony was supported by that of the defendants' expert, and only weakly controverted by the plaintiff's medical expert. Under the

circumstances, the jury was warranted in concluding that the defendants did not commit malpractice in their treatment of the plaintiff.

The plaintiff ascribes error to the trial court's dismissal of her cause of action based upon lack of informed consent. CPLR 4401-a requires that a court grant a motion made at the end of the plaintiff's case for dismissal of "any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent." Inasmuch as the plaintiff adduced no such testimony, despite having been forewarned by the trial court of the consequences, the court's dismissal of this cause of action was proper.

Nor did the trial court improvidently exercise its discretion in refusing to permit the plaintiff to elicit expert testimony regarding the defendants' failure to prescribe dietary supplements of vitamin D and calcium in conjunction with the prednisone therapy. As the trial court explained in denying the plaintiff's application, it could not permit such testimony in light of the plaintiff's inordinate delay in attempting to advance a claim never before particularized, for which a very vague offer of proof was made (see, Pearce v Booth Mem. Hosp., 152 AD2d 553; Alexander v Seligman, 131 AD2d 528; Padro v Boulevard Hosp., 92 AD2d 888).

We have examined the plaintiff's remaining contentions, including those directed at the court's charge, and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.