■ LUCRECIA MATEO, Respondent, v 83 POST AVENUE ASSOCIATES et al., Appellants. [784 NYS2d 520]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 29, 2003, in an action for personal injuries, awarding plaintiff damages in the principal amounts of $175,000 for past pain and suffering and $225,000 for future pain and suffering, unanimously affirmed, without costs.

It appears that the physician who had treated plaintiff and whom plaintiff originally identified as her expert advised plaintiff's attorney, on the very eve of trial, that he was going to be taking a longer vacation than expected and would not be available for the trial. Plaintiff's attorney immediately advised the trial court and opposing counsel of the witness's unavail-

ability and of plaintiff's retention of another physician as a substitute witness, attaching to his letter a new CPLR 3101 (d) response and the new expert's curriculum vitae. The trial court properly permitted plaintiff's new expert to testify, there being no indication that the last-minute substitution was either willful or prejudicial (*see Gilbert v Luvin*, 286 AD2d 600, 601 [2001]). Plaintiff's attorney acted promptly to advise all concerned of the scheduling error and of the substance of the new expert's expected testimony, which was in all essential respects similar to the expected testimony of plaintiff's treating physician and circumscribed to what was contained in plaintiff's medical records.

The jury's negative response to interrogatory four, asking whether plaintiff's negligence was a substantial factor in causing her injuries, and 25% apportionment of fault against plaintiff in response to interrogatory five rendered its verdict inconsistent, and the trial court properly directed the jury to reconsider (CPLR 4111 [c]). The jury did so, coming back with a negative response to interrogatory three, asking whether plaintiff was negligent, and skipping interrogatories four and five. We reject defendant's argument that the reconsidered verdict evinces substantial jury confusion in that the jury, instructed to reconcile its answers to interrogatories four and five, instead changed its answer to interrogatory three. "On reconsideration, the jury was free to substantively 'alter its original statement so as to conform to its real intention', and was not bound by the terms of its original verdict . . ." (*Ryan v Orange County Fair Speedway*, 227 AD2d 609, 611 [1996], quoting *Bernard v Seyopp Corp.*, 11 AD2d 140, 141 [1960], *affd* 9 NY2d 676 [1961]).

The damages awards do not materially deviate from what is reasonable compensation under the circumstances. Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.