■ RUTH MENDEZ, Individually and as Administratrix of the Estate of GIOVANNI MENDEZ, Deceased, Appellant, v ROCHESTER GENERAL HOSPITAL, Defendant, and STEVEN SCOFIELD, M.D., et al., Respondents. [818 NYS2d 704]—

Appeal from a judgment of the Supreme Court, Monroe

County (Robert J. Lunn, J.), entered December 22, 2004 in a medical malpractice action. The judgment, among other things, dismissed the complaint upon a jury verdict of no cause for action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment dismissing her complaint in this medical malpractice action upon a jury verdict of no cause for action, plaintiff contends that Supreme Court erred in instructing the jury with respect to the liability of defendant Steven Scofield, M.D. Plaintiff's contention is unpreserved for our review and lacking in merit in any event (*see Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]; *Fridenberger v Modayil*, 268 AD2d 457, 458 [2000]; *Storch v LaGuardia Med. Group*, 209 AD2d 689, 691 [1994]). Contrary to plaintiff's contention, the court did not in fact charge the jury that the alleged malpractice of a medical resident was an "affirmative defense" for Scofield. In addition, the court properly denied plaintiff's request to instruct the jury that Scofield was vicariously liable for the alleged medical malpractice of that medical resident. Although Scofield was the clinical preceptor of the medical resident, there was no showing of the requisite agency or employer-employee relationship between them (*see generally Kavanaugh v Nussbaum*, 71 NY2d 535, 546-547 [1988]; *Hill v St. Clare's Hosp.*, 67 NY2d 72, 79-81 [1986]; *Bing v Thunig*, 2 NY2d 656, 666-667 [1957]; *Graddy v New York Med. Coll.*, 19 AD2d 426, 429-430 [1963]).

Also contrary to the contention of plaintiff, the court did not err in denying her motion to set aside the verdict initially returned by the jury on the ground that it was internally inconsistent and evinced substantial confusion on the part of the jury. The inconsistency in the initial verdict arose from an ambiguous verdict sheet and ambiguous supplemental instructions and, upon receiving the initial verdict, the court properly directed the jury to reconsider its verdict (*see* CPLR 4111 [c]; *Pam v Emmanuel*, 307 AD2d 345, 345-346 [2003]; *Rokitka v Barrett*, 303 AD2d 983, 983-984 [2003]; *Ryan v Orange County Fair Speedway*, 227 AD2d 609, 611 [1996]). Because the jury rectified the inconsistency in its initial verdict (*see Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [2004]), we further conclude that the court properly denied plaintiff's subsequent motion to set aside the jury verdict. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.