HEATHER NATH, Respondent, v MARY J. BROWN, Appellant. [851 NYS2d 762]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 14, 2006 in a personal injury action. The order granted plaintiff's motion to set aside the jury verdict with respect to proximate cause and for judgment in favor of plaintiff on that issue.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict with respect to proximate cause is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when plaintiff was struck by a motor vehicle operated by defendant while she was walking across a street. At the conclusion of the trial, the jury returned a verdict, finding in the first two questions of the verdict sheet, respectively, that defendant was negligent and that her negligence was not a substantial factor in causing the accident. Contrary to the instructions on the verdict sheet, which specified that the jury was to report its verdict to Supreme Court in the event that its response to question two was "no," the jury

went on to find that 40% of the negligence was attributable to defendant. Upon determining that the verdict was inconsistent, the court directed the jury to reconsider its answers. After further deliberation, the jury again found, in response to question two, that defendant's negligence was not a substantial factor in causing the accident and crossed out the jury's finding that 40% of the negligence was attributable to defendant. Plaintiff thereafter moved to set aside the jury's verdict with respect to proximate cause and for judgment in favor of plaintiff on that issue. In the alternative, plaintiff sought a new trial on that issue. The court concluded that there was no reasonable view of the evidence warranting a finding that defendant's negligence was not a substantial factor in causing the accident and that the jury was confused when it returned its final verdict. The court thus set aside the verdict with respect to proximate cause and granted judgment in favor of plaintiff on that issue by "correct[ing]" the jury's answer to question number two and finding that defendant's negligence was a substantial factor in causing the accident. In addition, the court held that the jury's original apportionment of negligence "will remain in full force and effect." We agree with defendant that reversal is required.

Upon receiving the initial verdict sheet, the court properly determined that the verdict was inconsistent and directed the jury to reconsider it. Because the jury rectified the inconsistency in its initial verdict, we conclude that the court erred to the extent that it set aside the verdict with respect to proximate cause based on what the court deemed to be jury confusion (*see Mendez v Rochester Gen. Hosp.*, 31 AD3d 1160 [2006], *lv denied* 7 NY3d 713 [2006]; *see also Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205 [2004]). We further conclude that the court erred in setting aside the verdict with respect to proximate cause and granting judgment in plaintiff's favor on that issue. Contrary to plaintiff's contention, there is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based upon the evidence presented at trial (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). In addition, we reject the contention of plaintiff that, in the event that this Court concludes that she is not entitled to judgment as a matter of law, we should nevertheless conclude that she is entitled to a new trial because the verdict with respect to proximate cause is against the weight of the evidence. We reject that contention, inasmuch as it cannot be said that "the evidence so preponderate[d] in favor of the plaintiff that the verdict [on the issue of proximate cause] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

In view of our determination, we do not consider defendant's remaining contentions. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.