■ KATHLEEN M. SWEENEY, Appellant, v JOAN M. LINDE et al., Respondents. (Appeal No. 2.) [872 NYS2d 338]—

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 31, 2008 in a personal injury action. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kathleen M. Sweeney (plaintiff) when she tripped and fell on a retaining wall owned by Joan M. Linde and Robert Linde (defendants). Plaintiff contends that Supreme Court erred in denying her motion to set aside the verdict as against the weight of the evidence because there is no reasonable view of the evidence that would permit the jury to conclude that defendants were negligent but that such negligence was not a proximate cause of plaintiff's injuries. We reject that contention. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Skowronski v Mordino, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]), and that is not the case here. We conclude that "the evidence on the issue of causation did not so preponderate in favor of plaintiff that the jury's finding of no proximate cause could not have been reached on any fair interpretation of the evidence" (Waild v Boulos [appeal No. 2], 2 AD3d 1284, 1286 [2003], lv denied 2 NY3d 703 [2004]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).

Contrary to the further contention of plaintiff, the court properly denied her request for a jury instruction on the emergency doctrine. A party is entitled to such an instruction only if "the evidence supports a finding that the party . . . was

confronted by 'a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration' " (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]) and, here, the evidence does not support such a finding. Finally, plaintiff's contention that the verdict should have been set aside based on jury confusion is without merit (*see Mendez v Rochester Gen. Hosp.*, 31 AD3d 1160, 1161 [2006], *lv denied* 7 NY3d 713 [2006]; *Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [2004]; *see also Nath v Brown*, 48 AD3d 1166, 1167 [2008]). Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.