■ KEVIN E. DELONG, Appellant, v COUNTY OF CHAUTAUQUA, Respondent/Third-Party Plaintiff. RHONDA DELONG, Third-Party Defendant-Respondent. (Appeal No. 1.) [896 NYS2d 917]—Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered March 5, 2009 in a personal injury action. The order denied the motion of plaintiff to set aside the verdict.

■ KEVIN E. DELONG, Appellant, v COUNTY OF CHAUTAUQUA, Respondent/Third-Party Plaintiff. RHONDA DELONG, Third-Party Defendant-Respondent. (Appeal No. 2). [896 NYS2d 791]—Appeal from a judgment of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered March 11, 2009 in a personal injury action. The judgment dismissed the complaint upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger skidded into a ditch on South Main Street Extension in the County of Chautauqua (defendant). According to plaintiff, defendant was negligent in, inter alia, constructing and maintaining the road and the shoulder and failing to warn of the dangerous condition of the road and the shoulder. Plaintiff appeals from a judgment entered upon a jury verdict finding that defendant was negligent but that its negligence was not a substantial factor in causing the accident. To the extent that plaintiff contends that Supreme Court erred in conflating the issues of negligence and proximate cause in its charge to the jury, we conclude that plaintiff waived that contention inasmuch as he requested a specified charge and the court gave that

charge (*see Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]). Moreover, plaintiff failed to object to the charge as given and thus failed to preserve his contention for our review (*see Fitzpatrick & Weller, Inc. v Miller*, 21 AD3d 1374 [2005]). In any event, viewing the charge as a whole and in light of the verdict sheet and the arguments of counsel, we conclude that the charge adequately conveyed the proper legal principles to the jury (*see Nestorowich v Ricotta*, 97 NY2d 393, 400-401 [2002]; *Gregory v Cortland Mem. Hosp.*, 21 AD3d 1305 [2005]). Plaintiff also waived his challenge to the verdict sheet inasmuch as he consented to the use of the questions at issue (*see generally Schmidt*, 278 AD2d at 828).

Plaintiff failed to preserve for our review his contention that the verdict is inconsistent because he did not object to the verdict on that ground before the jury was discharged (*see Kunsman v Baroody*, 60 AD3d 1369 [2009]; *Steginsky v Gross*, 46 AD3d 671 [2007]). In any event, "the jury's findings are supported by a reasonable view of the evidence and are not inconsistent as a matter of law" (*Reynolds v Burghezi*, 227 AD2d 941, 943 [1996]; *see Lemberger v City of New York*, 211 AD2d 622 [1995]). Finally, we reject the contention of plaintiff that the court erred in denying his motion to set aside the verdict as against the weight of the evidence. Based on the facts of this case, " 'the evidence on the issue of causation did not so preponderate in favor of plaintiff that the jury's finding of no proximate cause could not have been reached on any fair interpretation of the evidence' " (*Sweeney v Linde*, 59 AD3d 948, 948 [2009]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.