■ MADDALONI JEWELERS, INC., Respondent, v ROLEX WATCH U.S.A., INC., Appellant. [900 NYS2d 858]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 20, 2009, which denied defendant's motion for preclusion of plaintiff's substituted damages expert or, in the alternative, for the attorneys' fees and costs attributable to the substitution of the expert, unanimously affirmed, with costs.

The motion court exercised its discretion in a provident manner in denying defendant's motion for preclusion. Although defendant may have incurred expenses in preparing a rebuttal to plaintiff's initial expert's report, there was no indication that plaintiff's substitution of its expert was willful or prejudicial to defendant (*see Gallo v Linkow*, 255 AD2d 113, 117 [1998]). The record demonstrates that the case had already been delayed due to defense counsel's surgery and was again delayed because of a change of justices assigned to the case. Plaintiff's service of its substitution of experts was neither done on the eve of trial nor at the last minute, as no trial date was set at the time the substituted expert was hired (*see e.g. Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 205-206 [2004]). Furthermore, even assuming that plaintiff was required to show "good cause" (CPLR 3101 [d] [1] [i]), its proffered reason for the substitution of experts, namely, the breakdown in its relationship with its former expert, sufficiently established such "good cause" (*compare Lissak v Cerabona*, 10 AD3d 308, 309-310 [2004]).

The motion court providently exercised its discretion in refusing to award legal fees and costs attributable to the substitution of the expert. "An award of attorneys' fees as a direct remedy must be based on contract or statute" or where there is established wrongdoing (*City of New York v Zuckerman*, 234 AD2d 160, 161 [1st Dept 1996], *lv dismissed* 90 NY2d 845 [1997]). While a party may be ordered to bear the cost of his or her adversary's rebuttal expert where a party fails to disclose the substance of the expert's testimony in accordance with CPLR 3101 and where the matter is on for trial (*see St. Hilaire v White*, 305 AD2d 209 [2003]), here, plaintiff's notice of substitution of its expert was offered months before the action was scheduled for trial, and there is no showing that plaintiff acted improperly in attempting to substitute experts. Concur—

Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.