Orders, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 12, 15, and 16, 2013, which granted plaintiffs’ motion to substitute their medical expert after their prior expert died; denied defendant’s motions to preclude plaintiffs’ experts, including their newly substituted expert; and denied defendants’ request for leave to conduct further independent medical examinations of the plaintiff child, unanimously modified, on the law and the facts, to grant defendants’ request for leave to conduct further independent medical examinations, and otherwise affirmed, without costs.
This discovery dispute arises from an action for personal injuries allegedly resulting from the ingestion of lead paint by minor plaintiff while he lived in a building that was owned and operated by defendant New York City Housing Authority (NYCHA).
CPLR 3101 (d) (1) (i) does not require a party to retain an expert at any particular time (see LaMasa v Bachman, 56 AD3d 340 [1st Dept 2008]). “[E]ven where one party requests trial expert disclosure during discovery pursuant to CPLR 3101 (d) (1) (i), a recipient party who does not respond to the request until after the filing of the note of issue and certificate of readi *440 ness will not automatically be subject to preclusion of its expert’s trial testimony” (see Rivers v Birnbaum, 102 AD3d 26, 36-37 [2d Dept 2012]).
Although plaintiffs served their expert disclosure regarding Dr. Rosen after the filing of the note of issue, the court did not improvidently exercise its discretion by denying NYCHA’s motion to exclude either Dr. Rosen or Dr. Bithoney from testifying as plaintiffs’ expert, because defense counsel had the disclosure regarding Dr. Rosen approximately two months prior to the trial, which was then scheduled for January 9, 2013, which is not the eve of trial (see Sanchez v City of New York, 97 AD3d 501, 505 [1st Dept 2012]; Peguero v 601 Realty Corp., 58 AD3d 556, 564 [1st Dept 2009]). In addition, NYCHA has not claimed that Dr. Bithoney’s proposed testimony will not be materially similar to Dr. Rosen’s, and there is no evidence that plaintiffs’ request to substitute Dr. Bithoney as their expert after Dr. Rosen’s death was either willful delay or prejudicial to the defense (see Mateo v 83 Post Ave. Assoc., 12 AD3d 205, 205-206 [1st Dept 2004]). Moreover, even assuming that plaintiff was required to show “good cause” (CPLR 3101 [d] [1] [i]), its proffered reason for the substitution of experts, namely, Dr. Rosen’s death, established such good cause (see Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc., 73 AD3d 629, 630 [1st Dept 2010]).
The court should have determined that NYCHA was entitled to additional independent medical examinations (IMEs) of the infant plaintiff. Plaintiffs proposed to offer expert evidence based on additional medical examinations of the infant plaintiff, conducted years after the commencement of the action, for the purpose of establishing the nature of the child’s disabilities at a time closer to trial. If plaintiffs are to be permitted to present this evidence, fairness demands that defendant be permitted to have additional IMEs performed at this later stage of the infant plaintiffs development and not be relegated to reliance on IMEs conducted years before. Logically, plaintiffs cannot propose to present expert evidence based on the later examinations and, at the same time, assert that the expert evidence based on the later examinations will not materially change the nature of the injuries for which recovery is sought. Concur — Tom, J.R, Friedman, Renwick, Feinman and Clark, JJ.