◼ DANIEL ALVAREZ, Respondent, v JOSE BELTRAN et al., Respondents, and CITY OF NEW YORK, Appellant, et al., Defendant. [994 NYS2d 331]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 7, 2013, after a jury trial, finding defendant Shila Lynn Rosario 60% liable and defendant the City of New York 40% liable, and awarding plaintiff damages, unanimously reversed, on the law and the facts, without costs, the judgment vacated, the complaint dismissed as against the City, and the matter remanded for a new trial on liability.

On January 23, 2009, a sergeant responded to a radio call regarding a disorderly group on Melrose Avenue, in the Bronx, in front of a barber shop owned by plaintiff. The testimony, as credited by the jury, reflects that, upon arriving at the scene, the sergeant parked his marked police car in the middle of the road, partially on the double yellow lines that separate northbound and southbound traffic. The sergeant then motioned plaintiff to approach the police car, which direction plaintiff obeyed, placing him in the northbound lane of travel. After briefly questioning plaintiff, the sergeant discharged him, advising plaintiff to "go ahead." Plaintiff then proceeded to cross the street when he was struck by a northbound vehicle owned by defendant Jose Beltran and driven by defendant Shila Lynn Rosario.

The City is immune from liability for plaintiff's injuries, even if they were sustained as a result of the sergeant's negligence, because the sergeant was engaged in the discretionary governmental functions of police investigation and traffic control (see *Valdez v City of New York*, 18 NY3d 69, 75-76 [2011]; *Shands v Escalona*, 44 AD3d 524 [1st Dept 2007], *lv denied* 10 NY3d 705 [2008]).

The jury's initial verdict apportioned 20% of the fault for the accident to plaintiff. Although the jury found plaintiff to have been negligent, it also found that his negligence was not a substantial factor in causing the accident. The inconsistency of this verdict was not remedied by the court's instruction that the jury reconsider only the question of apportionment (see CPLR 4111 [c]). The court should have instructed the jury to reconsider its "answers and verdict" (*id.*), not just its answer

on apportionment. While, upon reconsideration, a jury is free to change its verdict to reflect its real intention, the court's instruction prevented the jury from being able to do so (*cf. Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [1st Dept 2004]). Accordingly, we remand for a new trial on the issue of liability. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.