■ MICHAEL SCHAEFER et al., Respondents, v LILLIAN GUD-DEMI et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Richmond County (Amann, J.), entered February 23, 1990, which, upon a jury verdict, is in favor of the plaintiff Michael Schaefer and against them in the principal sum of $141,000 and is in favor of the plaintiff Kathleen Schaefer and against them in the principal sum of $25,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, they serve and file in the Office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages to the plaintiff Michael Schaefer to the princi-

pal sum of $100,000, and the verdict as to damages to the plaintiff Kathleen Schaefer to the principal sum of $10,000, and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the findings of fact as to liability are affirmed.

The plaintiff Michael Schaefer sustained injuries when an automobile driven by the defendant Anthony Guddemi collided with his motorcycle in an intersection. An eyewitness testified that the defendant Anthony Guddemi failed to stop at a stop sign and entered the intersection into the path of the motorcycle. Thus, upon a fair interpretation of the evidence, the jury could find that the defendant Anthony Guddemi was negligent and that his negligence was a proximate cause of the accident.

Further, a fair interpretation of the evidence also supports the jury's findings that the plaintiff Michael Schaefer was guilty of culpable conduct, but that his conduct was not a proximate cause of the accident. The jury's findings with regard to the plaintiff Michael Schaefer were not inconsistent nor against the weight of the evidence. A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Rubin v Pecoraro, 141 AD2d 525). In the present case, a finding of proximate cause did not inevitably flow from the finding of culpable conduct.

The trial court properly refused to amend the defendants' answer to add a denial by Lillian Guddemi that she was the owner of the car. The proposed amendment would have added a new fact to the pleadings which would have resulted in surprise and prejudice to the plaintiffs (see, DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 240). Therefore, since a motion to conform the pleadings to the proof should only be granted in the absence of prejudice and surprise, the trial court properly refused to amend the answer (see, CPLR 3025 [c]).

However, we find that the verdicts were excessive to the extent indicated. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.