■ KITTY LEMBERGER, Respondent, v CITY OF NEW YORK, Appellant. [621 NYS2d 625] —In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Kings County (Huttner, J.), dated June 10, 1993, which, upon a jury verdict in favor of the plaintiff and against it in the principal sum of $400,000 representing damages for past and future pain and suffering, denied its motion to set aside the jury verdict, and (2) from a judgment of the same court, entered June 14, 1993, which is in favor of the plaintiff and against it in the principal sum of $400,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation, signed by her, consenting to decrease the verdict with regard to damages for past and future pain and suffering from the sum of $400,000 to the sum of $300,000, and to the entry of an amended judgment in the principal sum of $300,000. In the event that the plaintiff so

stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, who was 73 years old at the time, was crossing 81st Avenue in Brooklyn with a group of friends when she stepped into a one-foot-wide hole in the roadway. She suffered tears to the interior and posterior portions of both the medial and lateral menisci of her left knee. She underwent arthroscopic surgery to remove portions of the cartilage, and she developed post-traumatic arthritis in her knee joint.

Contrary to the defendant's contention, the jury's findings that the plaintiff was negligent but that her negligence was not the proximate cause of the accident were not inconsistent as a matter of law. It is settled that " '[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " *(Maze v DiBartolo,* 130 AD2d 720, 721, citing *Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014). Here, the jury reasonably could have found that, although the plaintiff was negligent by failing to observe the hole in the roadway, only the defendant's negligence was the proximate cause of the plaintiff's injuries *(see, Maze v DiBartolo, supra,* at 721).

However, the damages that were awarded for past and future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case *(see,* CPLR 5501 [c]; *see generally, Burton v New York City Hous. Auth.,* 191 AD2d 669; *Castellano v City of New York,* 183 AD2d 800; *Bisbee v Independent Coach Corp.,* 182 AD2d 661; *Silva v Micelli,* 178 AD2d 521; *Stanback v State of New York,* 163 AD2d 298). Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.