■ MARTHA Z. HERNANDEZ, Appellant, v RICHARD D. BARON, Respondent, et al., Defendant. [668 NYS2d 940] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Richmond County (Cusick, J.), dated November 8, 1996, as, upon a jury verdict in favor of the defendant Richard D. Baron and against her on the issue of liability, dismissed the complaint insofar as asserted against Richard D. Baron.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff sustained injuries when an automobile driven by her husband, Antonio Posadas, collided in an intersection with an automobile driven by the defendant Richard D. Baron. It is undisputed that the accident occurred while Posadas was in the process of making a left turn and Baron was proceeding straight ahead with a green light in his favor.

The jury's findings that Baron was guilty of culpable conduct, but that his conduct was not a proximate cause of the accident, were neither inconsistent nor against the weight of the evidence. A jury finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are " 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi,* 182 AD2d 808, 809, quoting *Rubin v Pecoraro,* 141 AD2d 525). In the present case, the finding of proximate cause did not inevitably flow from the finding of culpable conduct. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.