■ LILLIAN CONA, Appellant, v JOHN J. DWYER et al., Respondents. [739 NYS2d 595] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated September 28, 2000, as, upon a jury verdict finding that the defendant John J. Dwyer's negligence was not a proximate cause of the accident, is in favor of defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the jury finding that the defendant crane operator's negligence was not a proximate cause of the accident was not against the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Campbell v Crimi, 267 AD2d 343, 344; Potter v Korfhage, 240 AD2d 717, 718; Nicastro v Park, 113 AD2d 129). A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Rubin v Pecoraro, 141 AD2d 525, 527; see Hernandez v Baron, 248 AD2d 440; Schaefer v Guddemi, 182 AD2d 808, 809). In the present case, a finding of proximate cause did not inevitably flow from the finding of culpable conduct.

The plaintiff's additional contention that the trial court erroneously delivered an intoxication charge to the jury is unpreserved for appellate review as the plaintiff never objected to the charge at trial (see CPLR 4110-b; Harris v Armstrong, 64 NY2d 700, 701; Morrissey v City of New York, 221 AD2d 607). In any event, there was sufficient evidence adduced at trial to support the charge (see Randazzo v Consolidated Edison Co. of N.Y., 271 AD2d 667, 668; cf. Vetere v Garcia, 211 AD2d 631, 632). S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.