■ LORRAINE MASCIA, Appellant, v CHRISTOPHER T. OLIVIA, M.D., et al., Defendants, and BUFFALO GENERAL HOSPITAL, Respondent. (Appeal No. 1.) [750 NYS2d 688] —Appeal from a judgment of Supreme Court, Erie County (Mintz, J.), entered October 24, 2000, which dismissed the complaint against defendant Buffalo General Hospital upon a verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained during cataract surgery to her left eye. Plaintiff was diagnosed with "macular phototoxicity," which was defined by an expert at trial as "a heat burn of the retinal cells and destruction of those retinal cells due to heat induced damage." The testimony at trial established that the phototoxicity was caused by the microscope used during the surgery. The jury returned a verdict finding that defendant Christopher T. Olivia, M.D. was negligent but that his negligence was not a substantial factor in causing plaintiff's injuries. The jury further found that defendant Buffalo General Hospital was not negligent; that the microscope distributed by defendant Zeiss Optical, Inc. (Zeiss) was not defective; and that Zeiss did not fail to provide adequate warnings with respect to the risks involved in the use of the microscope.

Plaintiff contends that the verdict with respect to Dr. Olivia is inconsistent. We disagree. A verdict is inconsistent when "the issues of negligence and proximate cause are so 'inextricably interwoven,' [that] it is impossible to find negligence without proximate cause (*Martonick v Pudiak*, 285 AD2d 935, 936 [internal quotation marks omitted])" (*DiCesare v Glasgow* [appeal No. 2], 295 AD2d 1007, 1009). Where, however, "an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Kovit v Estate of Hallums*, 261 AD2d 442, 443-444). Here, "the jury's findings are supported by a reasonable view of the evidence and are not inconsistent as a matter of law" (*Reynolds v Burghezi*, 227 AD2d 941, 943; *see Lemberger v City of New York*, 211 AD2d 622, 623).

Although plaintiff's experts testified that Dr. Olivia should have known about the existence of an optional ultraviolet light (UV) filter for the microscope used during surgery, there was no consensus among those experts that the use of the UV filter would have prevented the injuries to plaintiff's eye. Rather, experts for both plaintiff and defendants testified that a photo-

toxic injury can occur with or without a filter and that it could not be said that the absence of the UV filter was the cause of plaintiff's injuries. Thus, it was not inconsistent for the jury to find that Dr. Olivia was negligent, perhaps in failing to know about the existence of the UV filter, but that his negligence was not a substantial factor in causing plaintiff's injuries.

Contrary to plaintiff's further contention, the verdict in favor of the remaining defendants is not against the weight of the evidence. "[A] jury's verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion * * * or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see Sabia v National Fuel Gas Corp.*, 292 AD2d 807; *Sperduti v Mezger*, 283 AD2d 1018, 1019-1020). Here, there was conflicting expert testimony concerning the alleged negligence of the remaining defendants, and thus it was "for the jury to weigh the conflicting medical evidence and credit the opinion of one expert over that of another" (*Howe v Wilkinson*, 275 AD2d 876, 877; *see Dudek v Call* [appeal No. 2], 275 AD2d 992). We see no basis to disturb the jury's verdict. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.