■ JUDITH M. SKOWRONSKI et al., Appellants, v VINCENT MORDINO et al., Respondents. (Appeal No. 2.) [771 NYS2d 625]—

Appeal from a judgment of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 21, 2002. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by Judith M. Skowronski (plaintiff) when the vehicle she was driving collided with a vehicle owned by defendant Ford Motor Credit Company (Ford) and operated by defendant Vincent Mordino.

On appeal from a judgment entered following a jury verdict of no cause of action, plaintiffs contend that the jury finding that Mordino was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence. Although Ford is correct that plaintiffs failed to preserve for our review their contention that the verdict is inconsistent by failing to raise that contention before the jury was discharged (*see Barry v Manglass,* 55 NY2d 803, 805-806 [1981], *rearg denied* 55 NY2d 1039 [1982]; *Everding v Bombard,* 272 AD2d 937, 938 [2000]), they have nevertheless preserved for our review their contention that the verdict is against the weight of the evidence by moving to set aside the verdict on that ground. Thus, "this is a distinction without a difference in this case" (*Lockhart v Adirondack Tr. Lines,* 305 AD2d 766, 767 [2003]; *see Simmons v Dendis Constr.,* 270 AD2d 919, 920-921 [2000]).

Turning to the merits, we conclude that Supreme Court properly denied plaintiffs' motion to set aside the verdict as against the weight of the evidence. The well-established standard for determining such a motion is whether the evidence so preponderated in favor of the movant that the verdict could not

have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Cona v Dwyer*, 292 AD2d 562, 563 [2002], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]). Further, "[w]here . . . 'an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Mascia v Olivia*, 299 AD2d 883, 883 [2002], quoting *Kovit v Estate of Hallums*, 261 AD2d 442, 443-444 [1999]). Here, the jury could have reasonably found from the evidence that, although Mordino was negligent for not having seen the vehicle operated by plaintiff as she made a left turn onto the street where Mordino was "inching forward" from a stop sign but not yet in the intersection, such negligence was not a proximate cause of the collision between the two vehicles. Thus, "the finding of proximate cause did not inevitably flow from the finding of culpable conduct" (*Hernandez v Baron*, 248 AD2d 440, 440 [1998]; *see Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]; *see also Inserro v Rochester Drug Coop.*, 258 AD2d 923, 923-924 [1999]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.