■ LATASHA L. HOLLAMON, Appellant, v DAMON D. VINSON et al., Respondents, et al., Defendants. (Appeal No. 1.) [831 NYS2d 781]—

Appeal from a judgment of the Supreme Court, Erie County (John P. Lane, J.), entered March 17, 2006 in a personal injury action. The judgment, insofar as appealed from, dismissed the amended complaint against defendants Damon D. Vinson and James E. Vinson upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle that she was operating was rear-ended by a vehicle operated by defendant Anthony Dandridge, which in turn had been rear-ended by a vehicle operated by defendant Damon D. Vinson (Vinson). On appeal from a judgment entered upon a jury verdict of no cause of action, plaintiff contends that Supreme Court erred in denying her motion to set aside the verdict and for a directed verdict on the issue of proximate cause or, in the alternative, a new trial on that issue, on the ground that the jury's finding that Vinson was negligent but that his negligence was not a proximate cause of the accident is not supported by legally sufficient evidence, is inconsistent and is against the weight of the evidence. We agree with the court that plaintiff is not entitled to a directed verdict because there is a valid line of reasoning and permissible inferences based upon the evidence at trial that could lead rational persons to the conclusion that Vinson's negligence was not a proximate cause of the accident (*see Guthrie v Overmyer*, 19 AD3d 1169 [2005]). Nor can it be said that the verdict is inconsistent or against the weight of the evidence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Cona v Dwyer*, 292 AD2d 562, 563 [2002], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Skowronski v Mordino*, 4 AD3d 782, 783 [2004]). Further, "[w]here . . . 'an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Mascia v Olivia*, 299 AD2d 883, 883 [2002]; *see Lemberger v City of New York*, 211 AD2d 622, 623 [1995]). Here, the jury could have reasonably found from the evidence that, although Vinson was negligent in following too closely behind the vehicle operated by Dandridge, plaintiff's conduct in stopping suddenly without signaling was the sole proximate cause of the collision. "Thus, 'the finding of proximate cause did not inevitably flow from the finding of culpable conduct' " (*Skowronski*, 4 AD3d at 783; *see Inserro v Rochester Drug Coop.*, 258 AD2d 923, 923-924 [1999]; *Hernandez v Baron*, 248 AD2d 440 [1998]; *Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

All concur except Gorski, J.P., and Green, J., who dissent and vote to reverse the judgment insofar as appealed from in accordance with the following memorandum.

Gorski, J.P., and Green, J. (dissenting). We respectfully dissent. In our view Supreme Court erred in denying plaintiff's motion to set aside the verdict as inconsistent and against the weight of the evidence and in failing to grant a new trial on the issue of proximate cause. Based upon the evidence presented at trial, the jury's "finding of negligence cannot be reconciled with the jury's finding of no proximate cause" (*Murphy v Holzinger*, 6 AD3d 1072, 1072-1073 [2004]). Evidence that plaintiff may have been interacting with people on the street and interrupting the smooth flow of traffic, "while pertinent to the issue of contributory negligence, does not equate with a lack of proximate cause" with respect to the negligence of defendant Damon D. Vinson (*Bucich v City of New York*, 111 AD2d 646, 648 [1985]; *see Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 961 [2003]). Further, the majority's conclusion that the jury may have found that the sole proximate cause of the accident was plaintiff's conduct in stopping suddenly without signaling is based upon speculation. We therefore would reverse the judgment insofar as appealed from, grant plaintiff's motion, set aside the verdict in part, reinstate the amended complaint and grant a new trial on the issue of proximate cause only. Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.