■ CYNTHIA M. LAURIA, Respondent, v DOWNEY-GOODLEIN ELEVATOR CORP. et al., Appellants. [881 NYS2d 567]—

Appeals from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered July 22, 2008 in a personal injury action. The order granted plaintiff's motion to set aside the jury verdict with respect to proximate cause and directed a verdict in favor of plaintiff and against defendants on proximate cause.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict with respect to proximate cause is reinstated.

Memorandum: Plaintiff, Cynthia M. Lauria, commenced this action seeking damages for injuries she sustained when the elevator in which she was riding stopped abruptly. The elevator was located in a building owned by defendant LAM Associates (LAM), and LAM contracted with defendant Downey-Goodlein Elevator Corp. (Downey-Goodlein) to service and repair the elevator. Following a jury trial on liability, the jury found that Downey-Goodlein was negligent but that its negligence was not a proximate cause of the accident. Plaintiff thereafter moved to set aside the verdict in favor of defendants with respect to proximate cause and for judgment notwithstanding the verdict or, alternatively, for a new trial on the issue of proximate cause. We conclude that Supreme Court erred in granting what it characterized as "[p]laintiff's motion . . . for a directed verdict on proximate cause." We agree with defendants that plaintiff is not entitled to judgment notwithstanding the verdict or, indeed, a directed verdict, inasmuch as she "failed to establish that 'there [was] no rational process by which the [jury] could base a finding in favor of [Downey-Goodlein,] the nonmoving party' " (*Leonard v Thompson & Johnson Equip. Co., Inc.* [appeal No. 2], 60 AD3d 1302, 1303 [2009], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Nor can it be said that plaintiff is entitled to a new trial on the issue of proximate cause.

"A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is incon-

sistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Cona v Dwyer*, 292 AD2d 562, 563 [2002]; *see Skowronski v Mordino*, 4 AD3d 782, 783 [2004]), and that is not the case here. In any event, "[w]here . . . 'an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Mascia v Olivia*, 299 AD2d 883, 883 [2002]; *see Lemberger v City of New York*, 211 AD2d 622, 623 [1995]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.