# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**920**

**CA 11-00742**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

DEAN SCHREIBER, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

UNIVERSITY OF ROCHESTER MEDICAL CENTER, AND
ITS AGENTS, SERVANTS AND/OR EMPLOYEES,
DEFENDANT-RESPONDENT.

---

COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (THOMAS C. BURKE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Evelyn Frazee, J.), entered July 8, 2010 in a medical malpractice
action. The judgment, among other things, dismissed plaintiff's
complaint on the merits.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action
seeking damages for a skin ulceration and resulting leg injuries that
he sustained after undergoing right ankle fusion surgery performed by
defendant's "agents, servants and/or employees" (hereafter, agents).
After a trial, the jury rendered a verdict in favor of defendant,
finding that defendant was negligent but that its negligence was not a
cause of the injuries. Supreme Court denied plaintiff's post-trial
motion seeking, inter alia, to set aside the verdict as against the
weight of the evidence and inconsistent. Plaintiff appeals from the
judgment entered on that verdict. We affirm.

To the extent that plaintiff contends that the verdict is
inconsistent, plaintiff failed to preserve that contention for our
review inasmuch as he failed to raise it before the jury was
discharged (*see Barry v Manglass*, 55 NY2d 803, 806, *rearg denied* 55
NY2d 1039; *Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827,
1828, *lv dismissed* 17 NY3d 734). To the extent that plaintiff
contends that the verdict is against the weight of the evidence,
however, he preserved that contention by moving to set aside the
verdict on that ground (*see Skowronski v Mordino*, 4 AD3d 782). We
nevertheless reject that contention. A jury verdict will be set aside
as against the weight of the evidence only when the evidence at trial

"so preponderated in favor of the [losing party] that the verdict could not have been reached on any fair interpretation of the evidence" (*id.* at 782-783). "A verdict finding that a defendant was negligent but that such negligence was not a proximate cause of the [plaintiff's injuries] is against the weight of the evidence only when [those] issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Santillo v Thompson*, 71 AD3d 1587, 1588-1589 [internal quotation marks omitted]). Where a verdict " 'can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Kunsman v Baroody*, 60 AD3d 1369, 1370).

We conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that defendant's agents acted negligently but did not cause the postsurgery leg injuries alleged by plaintiff. Plaintiff presented two theories of liability at trial. First, plaintiff alleged that defendant's agents negligently constructed and placed his leg in a cast and, second, he alleged that defendant's agents acted negligently in failing to treat him after the surgery, when he called to report that he was experiencing pain in his right leg. With respect to the theory of negligent construction and placement of the cast, testimony was presented suggesting that ulcerations can occur even with proper cast placement and that plaintiff's ulceration resulted from the surgical realignment of his ankle rather than from the cast. In light of that testimony, the jury reasonably could have found that, even in the event that defendant's agents were negligent in constructing and placing the cast, such negligence was not a substantial factor in causing plaintiff's skin ulceration and resulting injuries. With respect to the theory that defendant's agents acted negligently in failing to treat plaintiff on a certain occasion following his surgery, plaintiff offered no evidence establishing that the delay in treatment deprived him of the opportunity for a better outcome with respect to the ulceration (*see Poblocki v Todoro*, 49 AD3d 1239). Moreover, defendant's wound healing expert testified that treatment of plaintiff's ulceration on the date in question would not have prevented his subsequent leg injuries.

Finally, we note that plaintiff's reliance on the doctrine that a defendant takes a plaintiff as he or she finds that plaintiff is misplaced (*see e.g. Bartolone v Jeckovich*, 103 AD2d 632, 635). That doctrine stands only for the proposition that a defendant is liable for all of the damages that flow from a proven act of negligence, even in the event that some of those damages are the result of a susceptibility unique to the plaintiff (*see id.*). Notwithstanding plaintiff's preexisting condition, plaintiff was still required to prove that the negligence of defendant's agents caused his injuries.

Entered: October 7, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court