■ HEATHER BERMINGHAM, Respondent, v THE PETER, SR. & MARY L. LIBERATORE FAMILY LIMITED PARTNERSHIP, Doing Business as LINCOLN SQUARE APARTMENTS, Appellant. [935 NYS2d 751]—

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on black ice in a parking lot owned by defendant. Following a trial, the jury found that plaintiff and defendant were negligent but that only defendant's negligence was a substantial factor in causing the injuries sustained by plaintiff. The jury awarded plaintiff, inter alia, a total of $25,000 for past and future pain and suffering. Defendant appeals from an order granting plaintiff's post-trial motion to set aside the jury verdict on damages for past and future pain and suffering and denying defendant's post-trial cross motion to set aside the verdict on the issue of comparative negligence. Supreme Court determined that reasonable compensation for past pain and suffering was $100,000 and that reasonable compensation for future pain and suffering was $200,000. The court granted a new trial on those elements of damages unless the parties stipulated to damages in those amounts.

Defendant contends that the court erred in allowing plaintiff to proceed under a theory that defendant had not properly maintained the parking lot. That contention is not properly before us inasmuch as defendant appeals from the order granting plaintiff's post-trial motion to set aside the verdict and denying defendant's post-trial cross motion to set aside the verdict, which does not bring up for review the court's pretrial ruling with regard to the issue of improper maintenance (cf. CPLR 5501 [a]). In any event, plaintiff's bill of particulars provides enough information to put defendant on notice with respect to plaintiff's allegation that the condition and grade of the parking lot and defendant's improper maintenance thereof caused or contributed to the accumulation of ice.

We reject defendant's further contention that the court erred in denying its post-trial cross motion on the ground that the jury verdict was inconsistent with respect to the issue of

comparative negligence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]). Where, as here, " 'an apparently inconsistent . . . verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Mascia v Olivia*, 299 AD2d 883, 883 [2002]). Indeed, the jury was entitled to conclude that plaintiff acted in a negligent manner but that, because the ultimate cause of the accident was the black ice, plaintiff's negligence in either wearing worn sneakers or failing to take proper care while walking was not a substantial factor in causing the accident.

Contrary to defendant's contention, we conclude that the jury award for past and future pain and suffering deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]). We agree with defendant, however, that the court's additur was excessive. We therefore modify the order by vacating the amount of $100,000 for past pain and suffering in the fourth ordering paragraph and substituting therefor the amount of $50,000, and by vacating the amount of $200,000 for future pain and suffering in the sixth ordering paragraph and substituting therefor the amount of $100,000. We further modify the order by providing in the seventh ordering paragraph that a new trial will be conducted on those two elements of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages accordingly. Present—Smith, J.P., Carni, Lindley, Sconiers and Martoche, JJ.