# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1095**
**CA 11-00834**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

HEATHER BERMINGHAM, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

THE PETER, SR. & MARY L. LIBERATORE FAMILY
LIMITED PARTNERSHIP, DOING BUSINESS AS LINCOLN
SQUARE APARTMENTS, DEFENDANT-APPELLANT.

---

COHEN & LOMBARDO, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CHIACCHIA & FLEMING, LLP, HAMBURG (TIFFANY M. KOPACZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 7, 2010 in a personal injury action. The order granted the motion of plaintiff to set aside a jury verdict on damages for pain and suffering and denied the cross motion of defendant to set aside the jury verdict on the issue of comparative negligence.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the amount of $100,000 for past pain and suffering in the fourth ordering paragraph and substituting therefor the amount of $50,000, by vacating the amount of $200,000 for future pain and suffering in the sixth ordering paragraph and substituting therefor the amount of $100,000, and by providing in the seventh ordering paragraph that a new trial will be conducted on those two elements of damages unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages accordingly, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on black ice in a parking lot owned by defendant. Following a trial, the jury found that plaintiff and defendant were negligent but that only defendant's negligence was a substantial factor in causing the injuries sustained by plaintiff. The jury awarded plaintiff, inter alia, a total of $25,000 for past and future pain and suffering. Defendant appeals from an order granting plaintiff's post-trial motion to set aside the jury verdict on damages for past and future pain and suffering and denying defendant's post-trial cross motion to set aside the verdict on the issue of comparative negligence. Supreme Court

determined that reasonable compensation for past pain and suffering
was $100,000 and that reasonable compensation for future pain and
suffering was $200,000.  The court granted a new trial on those
elements of damages unless the parties stipulated to damages in those
amounts.

Defendant contends that the court erred in allowing plaintiff to
proceed under a theory that defendant had not properly maintained the
parking lot.  That contention is not properly before us inasmuch as
defendant appeals from the order granting plaintiff's post-trial
motion to set aside the verdict and denying defendant's post-trial
cross motion to set aside the verdict, which does not bring up for
review the court's pretrial ruling with regard to the issue of
improper maintenance (*cf.* CPLR 5501 [a]).  In any event, plaintiff's
bill of particulars provides enough information to put defendant on
notice with respect to plaintiff's allegation that the condition and
grade of the parking lot and defendant's improper maintenance thereof
caused or contributed to the accumulation of ice.

We reject defendant's further contention that the court erred in
denying its post-trial cross motion on the ground that the jury
verdict was inconsistent with respect to the issue of comparative
negligence.  "A jury finding that a party was negligent but that such
negligence was not a proximate cause of the accident is inconsistent
and against the weight of the evidence only when the issues are so
inextricably interwoven as to make it logically impossible to find
negligence without also finding proximate cause" (*Skowronski v
Mordino*, 4 AD3d 782, 783 [internal quotation marks omitted]).  Where,
as here, " 'an apparently inconsistent . . . verdict can be reconciled
with a reasonable view of the evidence, the successful party is
entitled to the presumption that the jury adopted that view' " (*Mascia
v Olivia*, 299 AD2d 883).  Indeed, the jury was entitled to conclude
that plaintiff acted in a negligent manner but that, because the
ultimate cause of the accident was the black ice, plaintiff's
negligence in either wearing worn sneakers or failing to take proper
care while walking was not a substantial factor in causing the
accident.

Contrary to defendant's contention, we conclude that the jury
award for past and future pain and suffering deviated materially from
what would be reasonable compensation (*see* CPLR 5501 [c]).  We agree
with defendant, however, that the court's additur was excessive.  We
therefore modify the order by vacating the amount of $100,000 for past
pain and suffering in the fourth ordering paragraph and substituting
therefor the amount of $50,000, and by vacating the amount of $200,000
for future pain and suffering in the sixth ordering paragraph and
substituting therefor the amount of $100,000.  We further modify the
order by providing in the seventh ordering paragraph that a new trial
will be conducted on those two elements of damages only unless
defendant, within 20 days of service of a copy of the order of this
Court with notice of entry, stipulates to reduce the award of damages

accordingly.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court