# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1342**

**CA 14-00617**

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

MARY AMOROSI, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

SARAH HUBBARD, DEFENDANT-APPELLANT.

---

MCCABE, COLLINS, MCGEOUGH & FOWLER, LLP, BUFFALO (TAMARA M. HARBOLD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LOTEMPIO & BROWN, P.C., BUFFALO (BRIAN J. BOGNER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered January 9, 2014. The order granted plaintiff's motion to set aside the jury verdict and ordered a new trial.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she walked across a street and was struck by a vehicle operated by defendant. At trial, the jury rendered a verdict finding that defendant was negligent but that such negligence was not a proximate cause of the accident. Plaintiff thereafter moved to set aside the verdict as against the weight of the evidence or as the result of substantial jury confusion, and Supreme Court granted the motion on both grounds.

As a preliminary matter, we agree with the court that the bifurcated trial stipulation entered into by the parties did not preclude plaintiff from bringing the posttrial motion. The stipulation precluded the parties from bringing pretrial motions on liability and motions for a directed verdict, but it was silent with respect to posttrial motions (*see Matamoros v Tovbin*, 82 AD3d 941, 942).

We agree with defendant, however, that the court erred in granting the motion on either asserted ground. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Krieger v McDonald's Rest. of N.Y.,*

*Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734 [internal quotation marks omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).  "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Cona v Dwyer*, 292 AD2d 562, 563, quoting *Rubin v Pecoraro*, 141 AD2d 525, 527; *see Santillo v Thompson*, 71 AD3d 1587, 1588-1589).  Where, however, "a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Schreiber v University of Rochester Med. Ctr.*, 88 AD3d 1262, 1263 [internal quotation marks omitted]; *see Hollamon v Vinson*, 38 AD3d 1159, 1160).

Here, the jury could have reasonably found from the evidence that plaintiff was not crossing the street in the crosswalk; that it was a dark, rainy evening; and that plaintiff emerged in defendant's lane of travel from between stopped vehicles.  The jury could also reasonably have found that, although defendant was negligent in, for example, the manner in which she approached the intersection before turning left, such negligence was not a proximate cause of the collision with plaintiff after she made the turn.  Thus, "the finding of proximate cause did not inevitably flow from the finding of culpable conduct," and the verdict therefore is not against the weight of the evidence (*Hernandez v Baron*, 248 AD2d 440, 440; *see Nath v Brown*, 48 AD3d 1166, 1167; *Loder v Greco*, 5 AD3d 978, 979; *Rubin*, 141 AD2d at 526-527).

We conclude that there was no basis for the court to grant the motion on the ground of substantial juror confusion (*see Kelly v Greitzer*, 83 AD3d 901, 902-903; *Nath*, 48 AD3d at 1167).  On its initial verdict sheet, the jury mistakenly apportioned a percentage of fault to defendant despite its finding that defendant's negligence was not a substantial factor in causing the accident, but the jury requested a new verdict sheet before rendering its verdict.  On the new verdict sheet, the jury followed the instructions thereon and reported its verdict after finding that defendant's negligence was not a substantial factor in causing the accident, without apportioning any percentage of fault to defendant.  The jury therefore "rectified the inconsistency in its initial verdict" sheet (*Mendez v Rochester Gen. Hosp.*, 31 AD3d 1160, 1161, *lv denied* 7 NY3d 713).

Entered:  January 2, 2015                      Frances E. Cafarell
                                               Clerk of the Court