Almuganahi v Gonzalez (2019 NY Slip Op 05909)





Almuganahi v Gonzalez


2019 NY Slip Op 05909


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


538 CA 18-01502

[*1]JABR A. ALMUGANAHI, PLAINTIFF-APPELLANT,
v
CANDIDO GONZALEZ, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOUVIER LAW, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered July 16, 2018. The judgment dismissed the complaint upon a verdict of no cause of action. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that he allegedly sustained when he was riding his bicycle and was involved in an accident with a vehicle operated by defendant. In appeal No. 1, plaintiff appeals from a judgment dismissing the complaint upon a jury verdict determining that, although defendant was negligent, his negligence was not a proximate cause of the accident. In appeal No. 2, plaintiff appeals from an order denying his posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict and direct judgment in his favor or, in the alternative, order a new trial on the ground that the verdict is inconsistent and against the weight of the evidence. Initially, we note that the appeal from the judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, and thus the appeal from the order in appeal No. 2 must be dismissed (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]; see also CPLR 5501 [a] [1]).
Contrary to plaintiff's contention, we conclude that he is not entitled to a directed verdict inasmuch as "there is a valid line of reasoning and permissible inferences based upon the evidence at trial that could lead rational persons to the conclusion that [defendant's] negligence was not a proximate cause of the accident" (Hollamon v Vinson, 38 AD3d 1159, 1160 [4th Dept 2007]).
Although plaintiff did not preserve his contention that the verdict is inconsistent by raising it before the jury was discharged when Supreme Court could have taken corrective action (see Barry v Manglass, 55 NY2d 803, 806 [1981], rearg denied 55 NY2d 1039 [1982]; Berner v Little, 137 AD3d 1675, 1676 [4th Dept 2016]), we nevertheless address that contention in the context of plaintiff's challenge to the weight of the evidence, which is preserved inasmuch as he moved to set aside the verdict on that ground (see Skowronski v Mordino, 4 AD3d 782, 782 [4th Dept 2004]; see also Berner, 137 AD3d at 1676; Schreiber v University of Rochester Med. Ctr., 88 AD3d 1262, 1263 [4th Dept 2011]). We conclude, however, that plaintiff's contention lacks merit. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Skowronski, 4 AD3d at 783 [internal quotation marks omitted]). Further, "[w]here . . . an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury [*2]adopted that view" (id. [internal quotation marks omitted]). Here, the jury could have reasonably found from the evidence that, although defendant was negligent in looking to the right just once at the intersection and failing to observe plaintiff approaching from that direction on the sidewalk while riding a bicycle, his negligence was not a proximate cause of the accident inasmuch as plaintiff rode down the steep sidewalk at an imprudent speed, failed to see defendant's vehicle that was already stopped at the intersection while awaiting to enter the flow of traffic, and then struck the side of it (see Berner, 137 AD3d at 1676; Amorosi v Hubbard, 124 AD3d 1354, 1356 [4th Dept 2015]; Skowronski, 4 AD3d at 783). We thus conclude that " the finding of proximate cause did not inevitably flow from the finding of culpable conduct' " and, therefore, that the verdict is neither inconsistent nor against the weight of the evidence (Skowronski, 4 AD3d at 783).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court