Ford Motor Credit Co. LLC v McCarthy Acquisition Corp. (2023 NY Slip Op 03574)

Ford Motor Credit Co. LLC v McCarthy Acquisition Corp.

2023 NY Slip Op 03574

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, AND OGDEN, JJ.

165 CA 22-00373

[*1]FORD MOTOR CREDIT COMPANY LLC, FORMERLY KNOWN AS FORD MOTOR CREDIT COMPANY, PLAINTIFF-APPELLANT,
v
MCCARTHY ACQUISITION CORPORATION, DOING BUSINESS AS MCCARTHY FORD, ET AL., DEFENDANTS, AUTOMOTIVE FLEET LEASING SERVICES, INC., DOING BUSINESS AS AUTOMOTIVE FLEET LEASING CO., THOMAS J. PIERONI AND BENTLEY HOLDINGS, INC., DOING BUSINESS AS AUTOMOTIVE FLEET LEASING CO., DEFENDANTS-RESPONDENTS. (ACTION NO. 1.) THOMAS J. PIERONI, BENTLEY HOLDINGS, INC., DOING BUSINESS AS AUTOMOTIVE FLEET LEASING CO., PLAINTIFFS-RESPONDENTS, ET AL., PLAINTIFFS, 
 FORD MOTOR CREDIT COMPANY LLC, FORMERLY KNOWN AS FORD MOTOR CREDIT COMPANY, DEFENDANT-APPELLANT. (ACTION NO. 2.) (APPEAL NO. 2.) 

MAURO LILLING NAPARTY LLP, WOODBURY (RICHARD J. MONTES OF COUNSEL), FOR PLAINTIFF-APPELLANT AND DEFENDANT-APPELLANT.
HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered March 4, 2022. The judgment, among other things, awarded Thomas J. Pieroni, Bentley Holdings, Inc., doing business as Automotive Fleet Leasing Co., and Automotive Fleet Leasing Services, Inc., doing business as Automotive Fleet Leasing Co., damages in the amount of $824,220, plus interest. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the posttrial motion in part and reducing the amount of the award of damages to $739,553, plus interest at the rate of 9% per annum commencing July 21, 2007, and as modified the judgment is affirmed without costs.
Memorandum: The two actions before us stem from a dispute over entitlement to the value of certain vehicles transferred from a now-defunct automobile dealership (dealership). In appeal No. 1, plaintiff-defendant Ford Motor Credit Company LLC, formerly known as Ford Motor Credit Company (Ford Credit) appeals from an order that denied its motion to, inter alia, set aside the jury verdict. In appeal No. 2, Ford Credit appeals from a subsequent judgment awarding money damages against Ford Credit.
Pursuant to a floor plan financing and security agreement, Ford Credit gave the dealership financing to acquire vehicles in exchange for a security interest in the vehicles. Ford Credit commenced action No. 1 against the dealership and its guarantors after the dealership was "out of trust"; 79 vehicles were missing from the dealership's inventory for which Ford Credit never received payment. Ford Credit then amended the complaint to include, inter alia, defendants Automotive Fleet Leasing Services, Inc., doing business as Automotive Fleet Leasing Co., Bentley Holdings, Inc., doing business as Automotive Fleet Leasing Co. (Bentley) (collectively, Pieroni Companies), and Thomas J. Pieroni (Pieroni). Ford Credit alleged that the Pieroni Companies were the purported buyers or participants in the transfer of some of the vehicles that were missing from the dealership's inventory (vehicles). As relevant to this appeal, Ford Credit asserted against the Pieroni Companies conversion and tortious interference with an existing contract causes of action. The Pieroni Companies asserted counterclaims against Ford Credit, including for conversion and tortious interference. At a consolidated trial, the jury determined that neither the Pieroni Companies nor Ford Credit were liable for conversion. The jury further determined that Ford Credit was liable for tortious interference against the Pieroni Companies and awarded $824,220 in compensatory damages. Ford Credit thereafter moved to, inter alia, set aside the jury verdict (posttrial motion) on various grounds including that the verdict is inconsistent, that Ford Credit is entitled to judgment as a matter of law, that the damage award should be set aside or reduced, and that it is entitled to an offset. Supreme Court denied the posttrial motion, and the court issued a judgment in favor of Pieroni and the Pieroni Companies.
As an initial matter, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as it is subsumed in the judgment in appeal No. 2. The appeal from the judgment brings up for review the propriety of the order in appeal No. 1 (see generally CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]).
Ford Credit contends that the jury verdict is irreconcilably inconsistent because it was logically impossible for the jury to find that Ford Credit was not liable for conversion without also finding that it was not liable for tortious interference. We reject that contention. "[An] inconsistency exists only when a verdict on one claim necessarily negates an element of another cause of action" (Barry v Manglass, 55 NY2d 803, 805 [1981], rearg denied 55 NY2d 1039 [1982]). "Where . . . an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Skowronski v Mordino, 4 AD3d 782, 783 [4th Dept 2004] [internal quotation marks omitted]; see Almuganahi v Gonzalez, 174 AD3d 1492, 1493 [4th Dept 2019]). Here, the jury could have reasonably found from the evidence that Ford Credit was not liable for conversion against the Pieroni Companies because the Pieroni Companies failed to establish the element of "right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006]), i.e., that they had a right to possess the vehicles. Indeed, the evidence demonstrated that the Pieroni Companies were the financiers of the purchase of the vehicles but that the owners were defendants-plaintiffs MPDK, LLC, doing business as Adobe Car & Truck Rental of Tucson, Adobe Car & Van Rental of Tucson or Adobe Car & Van Rentals, LLC (collectively, Adobe) and Winchester Auto Retail, Inc. (Winchester). The jury's verdict on the conversion counterclaim did not negate an element of the tortious interference counterclaim, and we therefore conclude that the verdict is not inconsistent (see generally Skowronski, 4 AD3d at 783).
Contrary to the contention of Ford Credit, we further conclude that the evidence is legally sufficient to establish that Ford Credit was liable for tortious interference. To establish legal insufficiency, the moving party must establish that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Mazella v Beals, 27 NY3d 694, 705 [2016] [internal quotation marks omitted]). Thus, "[i]f there is a question of fact and it would not be utterly irrational for a jury to reach the result it has determined upon . . . the court may not conclude that the verdict is as a matter of law not supported by the evidence" (Soto v New York City Tr. Auth., 6 NY3d 487, 492 [2006] [internal quotation marks omitted]).
"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). Here, contrary to Ford Credit's contention, the jury could have rationally concluded [*2]that the Pieroni Companies had valid contracts with Adobe and Winchester, in the form of master lease agreements, and that Ford Credit intentionally procured the breach by Adobe and Winchester by seizing the vehicles. Although Ford Credit further contends that the evidence established as a matter of law that it did not act "without justification," economic justification is an affirmative defense that must be pleaded and proved by the party asserting it (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]; Foster v Churchill, 87 NY2d 744, 750 [1996]), and Ford Credit waived that affirmative defense by not pleading it in response to the tortious interference counterclaim asserted by the Pieroni Companies (see CPLR 3018 [b]; see also Pitts v State of New York, 166 AD3d 1505, 1506 [4th Dept 2018], lv denied 35 NY3d 910 [2020]).
We agree, however, with Ford Credit that the court erred in denying the posttrial motion insofar as it sought to reduce the compensatory damages award. The successful party on a tortious interference claim is entitled to "the full pecuniary loss of the benefits of the contract with which [the defendant] interfered," including lost profits (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 197 [1980]). Here, the evidence established that the Pieroni Companies sustained losses, in the form of the value of the vehicles, in the amount of $739,553, which is the amount the Pieroni Companies requested at trial, and the Pieroni Companies failed to establish any additional damages. We therefore reduce the compensatory damages award to $739,553 and modify the judgment accordingly.
We reject Ford Credit's contention that the court erred in denying that part of the posttrial motion seeking an offset to the damages award. By failing to seek the offset by way of an affirmative defense in response to the tortious interference counterclaim, Ford Credit waived any right to an offset (see Wooten v State of New York, 302 AD2d 70, 73-74 [4th Dept 2002], lv denied 1 NY3d 501 [2003]).
Finally, we have considered Ford Credit's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court