**Laliashvili v Kadmia Tenth Ave. Spe LLC**

2025 NY Slip Op 33015(U)

July 16, 2025

Supreme Court, Kings County

Docket Number: Index No. 522660/2017

Judge: Joy F. Campanelli

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS: IAS PART 6
-------------------------------------------------------------X
ZVIADI LALIASHVILI,

                    Plaintiff,

        -against-

KADMIA TENTH AVENUE SPE LLC, MAESTRO
WEST CHELSEA LLC, and T.G. NICKEL &
ASSOCIATES, LLC,

                    Defendant.
-------------------------------------------------------------X
KADMIA TENTH AVENUE SPE LLC, MAESTRO
WEST CHELSEA LLC, and T.G. NICKEL &
ASSOCIATES, LLC,

                    Third-Party Plaintiff,
        -against-

ALL CITY GLASS & MIRROR CORP.

                    Third-Party Defendant.

-------------------------------------------------------------X

Index No.: 522660/2017

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

The following e-filed papers read herein:               Papers Numbered:

Notice of Motion/Order to Show Cause/
Petition, Affidavits (Affirmations and Exhibits) Annexed        1,2
Opposing Affidavits (Affirmations and Exhibits)        3
Affidavits/ Affirmations in Reply        4
Other Papers:

On December 10, 2024, Plaintiff moved by Notice of Motion, seq. no. 6, for an Order (1) setting aside the jury verdict as internally inconsistent and against the weight of the evidence and awarding Plaintiff judgment as a matter of law under Labor Law § 240(1); (2) setting aside the jury verdict as contrary to the weight of the evidence and awarding Plaintiff judgment as a matter of law pursuant to Labor Law § 241(6); (3) granting Plaintiff judgment as to liability notwithstanding the verdict on their Labor Law §§ 240(1) and 241(6) claims.

1

Plaintiff moved for this relief following a five-day jury trial beginning on November 18, 2024, and concluding on November 25, 2024. The workplace accident at the center of this litigation involved a cart used by Plaintiff to transport large mirror panels. While transporting panels across Defendants' job site, Plaintiff sustained injuries when the cart toppled over as the Plaintiff and a co-worker were navigating a turn. The jury found that Defendants Kadima Tenth Avenue Spe LLC, Maestro West Chelsea LLC and T.G. Nickel & Associates did violate Labor Law § 240(1) but that their violation was not a substantial factor in causing Plaintiff's accident. The jury further found that Defendants did not violate Industrial Code § 23-1.28(b) which was the predicate violation to Plaintiff's Labor Law § 241(6) claim.

"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors[.]" Nicastro *v. Park*, 495 N.Y.S.2d 184, 188 (N.Y. App. Div. 2d Dept. 1985). To set aside a verdict as against the weight of the evidence, the Court must determine whether the jury could not have reached the verdict on any fair interpretation of the evidence. *Nicastro v. Park*, 495 N.Y.S.2d 184, 189 (N.Y. App. Div. 2d Dept. 1985). A jury verdict finding a party at fault but that their fault was not a proximate cause of the accident is "inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" *Schaefer v. Guddemi*, 182 A.D.2d 808, 809, 582 N.Y.S.2d 803, 805 (1992), quoting *Rubin v. Pecoraro,* 141 A.D.2d 525, 529 N.Y.S.2d 142.

In support of their argument to set aside the verdict as inconsistent and against the weight of the evidence, Plaintiff contends that the jury's finding that Labor Law § 240(1) was violated but that the violation was not a substantial factor in bringing about the Plaintiff's accident is

2

[* 2]

inherently inconsistent. At trial, Plaintiff argued that the cart used by Plaintiff, and their coworker, was an inadequate safety device for the task of moving large mirror panels within defendants' construction site. Defendants argued, in part, that Plaintiff's actions in attempting to prevent the cart and mirrors from falling were the sole cause of the accident.

When the evidence presented at trial is viewed in the light most favorable to Defendants, there is no rational basis for the jury to conclude Defendants violated Labor Law § 240(1) but that it was not a substantial factor in causing the accident. Though requested by Defendants, as the necessary facts were not adduced at trial, the Court did not charge recalcitrant worker or sole proximate cause. On the Labor Law § 240(1) claim, since the jury found that the cart did not provide proper protection, the only way the jury could determine that the violation was not a substantial factor is if they believed Plaintiff to be the sole proximate cause of the accident by attempting to prevent the mirrors from falling. However, Plaintiff's actions in attempting to prevent the glass from toppling over could not possibly be viewed as the sole proximate cause of the accident because at that point, the mirrors were already falling. The accident was already in progress. Under these circumstances, the statutory violation and the issue of proximate cause are so woven together as to make the jury's verdict illogical. As such, the inconsistent portion of the jury verdict must be set aside and judgment entered in Plaintiff's favor as a matter of law on the issue of liability on their Labor Law § 240(1) claim.

Next, Plaintiff argues the jury's conclusion that Industrial Code § 23-1.28(b) was not violated should be set aside as against the weight of the evidence and judgment as a matter of law in Plaintiff's favor should be entered on their Labor Law § 241(6) claim. In their view, as the Plaintiff and his coworker Rakhimov both testified that one of the wheels got stuck as they were moving the cart, it is irrational for a jury to conclude § 23-1.28(b) was not violated. Defendant

3

argues that there was ample evidence presented at trial for the jury to rationally conclude that Plaintiff failed to prove this industrial code violation. They point to conflicting witness testimony from Plaintiff's coworker regarding the cart's wheels, Plaintiff's testimony at trial indicating that he used the cart without issue prior to the accident, and the fact Plaintiff's expert never examined the actual cart used by Plaintiff.

A rational jury could have easily discounted what they viewed to be speculative witness testimony or unconvincing expert opinions. When viewing the evidence in the light most favorable to the Defendants, it is clear the jury could have rationally concluded Industrial Code § 23-1.28(b) was not violated.

WHEREFORE, it is

**ORDERED** Plaintiff's motion, seq. no. 6 is GRANTED to the extent that the November 25, 2024 jury verdict finding Defendants' Labor Law 240(1) violation was not a substantial factor is set aside as against the weight of the evidence. Judgment shall be entered in Plaintiff's favor as a matter of law on the issue of Labor Law § 240(1) liability. All other relief is denied. This matter shall proceed to a trial on damages. All parties are to appear for a pretrial conference in the Jury Coordinating Part on September 11, 2025. Further, any affirmative relief sought by Defendants was not considered as it was not properly before the Court.

This constitutes the decision and order of the Court.

DATED: July 16, 2025
      Brooklyn, New York

_____
Hon. Joy F. Campanelli, J.S.C

4

[* 4]